15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS  JUDGE JOAN H. LEFKOW
EASTERN DIVISION   Magistrate Rowland

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **12 CR 891** |
| v. ) | |
| NICHOLAS C. CARO ) | Violations: Title 18, United States Code, Sections 664 and 1341 |

### COUNT ONE

FILED
11-15-12
NOV 15 2012
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

The SPECIAL JANUARY 2012 GRAND JURY charges:

1. At times material to this Indictment:

   a. N.C. Caro, M.D., S.C., an Illinois corporation located in Chicago, Illinois, that provided ophthalmology services and did business as the St. George Corrective Vision Center (hereinafter, the "Ophthalmology Practice").

   b. Defendant NICHOLAS C. CARO was a licensed ophthalmologist in the State of Illinois and was the owner, secretary and president of the Ophthalmology Practice.

   c. In or about 1999, the Ophthalmology Practice established and maintained for its employees a defined benefit pension plan (the "Plan"), the purpose of which was to provide retirement income for the Ophthalmology Practice's employees. As such, the Plan was an "employee pension benefit plan," as defined in Title 29, United States Code, Section 1002(2), and subject to Title 1 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, Title 29, United States Code, Section 1001, *et seq.*

      d.     The Plan was funded by contributions from the Ophthalmology Practice.

      e.     Several employees of the Ophthalmology Practice, including defendant NICHOLAS C. CARO, were participants in the Plan.

      f.     Defendant NICHOLAS C. CARO administered the plan, either individually and/or on behalf of the Ophthalmology Practice.

      g.     Pursuant to a signed "Trust Agreement" between the Ophthalmology Practice and defendant NICHOLAS C. CARO, defendant NICHOLAS C. CARO was the sole "Trustee" of the Plan. As the sole "Trustee" of the Plan, defendant NICHOLAS C. CARO was responsible for (a) receiving contributions made by the Ophthalmology Practice under the Plan, (b) accumulating, managing and investing those contributions, and (c) providing benefits to the Plan participants and their beneficiaries.

      h.     As Trustee of the Plan and as a person who had discretionary authority and control in the management of the Plan and the disposition of the Plan's assets, defendant NICHOLAS C. CARO owed a fiduciary duty to the Plan and the Plan's participants.

      i.     At the direction of NICHOLAS C. CARO, some of the Plan's funds were deposited into various bank accounts, while the majority of Plan funds, at various times, were invested in mutual funds at Fidelity Investments, American Funds and AIM Investments (collectively, the "Investment Firms").

j. Defendant NICHOLAS C. CARO had sole authority to transfer, sell or withdraw the Plan assets that were invested with the Investment Firms.

k. Defendant NICHOLAS C. CARO controlled multiple bank accounts, including the following:

    (i) a checking account at Bridgeview Bank held in the name of defendant NICHOLAS C. CARO (the "Caro Personal Checking Account");

    (ii) a checking account at Bridgeview Bank held in the name of SDLP, LLC (the "SDLP Checking Account");

    (iii) a checking account at Glenview State Bank held in the name of defendant NICHOLAS C. CARO and his wife (the "Caro Joint Checking Account"); and

    (iv) a checking account at Bridgeview Bank held in the name of St. George Corrective Vision Center (the "Ophthalmology Practice Checking Account").

l. Defendant's wife controlled a savings account at Glenview State Bank held in the name of defendant's wife (the "Wife's Savings Account"):

m. Federal law required every defined benefit pension plan subject to ERISA to annually file a return with the Department of Labor, known as a Form 5500 (including related schedules), under penalty of perjury, which truthfully reported certain information relating to the plan, such as the plan's income, expenses, and transfers, whether the plan had a loss that was caused by fraud or dishonesty, and whether there were any nonexempt transactions with a party-in-interest.

2.      Beginning no later than on or about April 27, 2006, and continuing until at least on or about October 22, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

NICHOLAS C. CARO,

defendant herein, devised and participated in a scheme to defraud the Plan and the Plan participants, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and promises, and concealment of material facts, which scheme is further described in the following paragraphs:

3.      It was part of the scheme that, on or about the dates listed below, defendant NICHOLAS C. CARO, who was not then entitled to a distribution of pension benefits under the terms of the Plan, fraudulently caused the withdrawal of Plan funds from the Investment Firms in the form of checks that were transmitted from the Investment Firms to defendant. Defendant thereafter deposited these checks, or caused them to be deposited, into bank accounts that he or his wife controlled, as follows:

|  |  |  |  |
|---|---|---|---|
| April 27, 2006 | $26,233.39<br>$33,486.76<br>$11,355.25 | AIM Investments | Caro Personal Checking Account |
| January 12, 2007 | $25,000.00<br>$25,000.00 | Fidelity Investments | SDLP Checking Account<br>Caro Joint Checking Account<br>Wife's Savings Account |

| February 27, 2007 | $15,000.00<br>$15,000.00 | Fidelity Investments | Caro Joint Checking Account |
| --- | --- | --- | --- |
| March 27, 2007 | $5,000.00<br>$5,000.00 | Fidelity Investments | Ophthalmology Practice Checking Account |
| November 14, 2007 | $29,992.00 | American Funds | Ophthalmology Practice Checking Account |

4. It was further part of the scheme that, after depositing the Plan funds into the checking and savings bank accounts as described above, defendant NICHOLAS C. CARO knowingly used Plan funds to pay his own personal expenses, or to pay other expenses unrelated to the proper and legitimate management of the Plan assets.

5. It was further part of the scheme that defendant NICHOLAS C. CARO fraudulently concealed material facts from the Plan participants regarding the Plan assets, namely, that he had caused Plan assets to which he was not entitled to be withdrawn from the Plan and used them for his own personal benefit.

6. It was further part of the scheme that defendant NICHOLAS C. CARO knowingly caused Forms 5500 to be filed with the Department of Labor which contained materially false statements of fact relating to the assets of the Plan, such as (i) falsely reporting Plan assets had not been the subject of any nonexempt transactions with a party-in-interest; and (ii) falsely reporting that the Plan did not have a loss that was caused by fraud or dishonesty.

7. It was further part of the scheme that in order to conceal his theft of Plan assets and otherwise lull Plan participants, defendant NICHOLAS C. CARO made

materially false statements of fact to certain Plan participants seeking to withdraw or transfer their benefits, such as the following:

    a.    On or about April 1, 2008, defendant NICHOLAS C. CARO caused a letter to be mailed to Plan Participant1 in which defendant falsely represented to Plan Participant 1 that her benefit calculations were being confirmed by a new actuary for the Plan even though, as defendant then knew, the Plan had insufficient assets to make a distribution to Plan Participant 1.

    b.    On or about May 7, 2008, defendant NICHOLAS C. CARO caused a letter to be mailed to Plan Participant 1 in which defendant falsely represented to Plan Participant 1 that her benefits calculations were being reviewed even though, as defendant NICHOLAS C. CARO then knew, the Plan had insufficient assets to make a distribution to Plan Participant 1.

    c.    On or about October 22, 2009, defendant NICHOLAS C. CARO mailed a letter to Plan Participant 1 in which defendant falsely represented to Plan Participant 1 that her benefits were being recalculated even though, as defendant then knew, the Plan had insufficient assets to make a distribution to Plan Participant 1.

11.    As a result of this scheme, defendant NICHOLAS C. CARO fraudulently obtained and converted to his own use in excess of approximately $180,000 in Plan funds to which he was not lawfully entitled.

12.    It was further part of the scheme that defendant NICHOLAS C. CARO concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and

hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

13. On or about November 16, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NICHOLAS C. CARO,

defendant herein, for the purpose of executing the above described scheme, and attempting to do so, knowingly caused to be delivered by FedEx, a commercial interstate carrier, according to the direction thereon, an envelope containing a check in the amount of $29,992, addressed to defendant NICHOLAS C. CARO at an address in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

THE SPECIAL JANUARY 2012 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated herein.

2. On or about April 1, 2008, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NICHOLAS C. CARO,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail, to be sent and delivered by the United States Postal Service, an envelope containing a letter dated April 3, 2008, from NICHOLAS C. CARO to Plan Participant 1, and addressed to Plan Participant 1 at an address in Roseville, Michigan;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

THE SPECIAL JANUARY 2012 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated herein.

2. On or about May 7, 2008, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

NICHOLAS C. CARO,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail, to be sent and delivered by the United States Postal Service, an envelope containing a letter dated May 6, 2008, from NICHOLAS C. CARO to Plan Participant 1, and addressed to Plan Participant 1 at an address in Roseville, Michigan;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

THE SPECIAL JANUARY 2012 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated herein.

2. On or about October 22, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NICHOLAS C. CARO,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail, to be sent and delivered by the United States Postal Service, an envelope containing a letter dated October 9, 2009, from NICHOLAS C. CARO to Plan Participant 1, and addressed to Plan Participant 1 at an address in Roseville, Michigan;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

THE SPECIAL JANUARY 2012 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated herein.

2. On or about November 21, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NICHOLAS C. CARO,

defendant herein, did embezzle and steal, and unlawfully and willfully abstract and convert to defendant's own use and to the use of another, the moneys, funds, credits, property, and other assets of the Plan, and of funds connected with the Plan, namely, approximately $29,992 of funds from the Plan;

In violation of Title 18, United States Code, Section 664.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2012 GRAND JURY further alleges that:

1. The allegations of Counts One through Five are incorporated herein for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of the violations, as alleged in Counts One through Five of the foregoing Indictment,

NICHOLAS C. CARO

defendant herein, shall forfeit to the United States any and all right, title, and interest he may have in any property, real and personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One through Five.

3. The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), include but are not limited to funds in the amount of approximately $180,000.

4. If any of the forfeitable property described above, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to the real property commonly known as 2310 Iroquois Drive, Glenview, Illinois, and legally described as follows:

> PARCEL 1:
> LOT 81 IN INDIAN RIDGE, BEING A SUBDIVISION IN THE WEST ½ OF SECTION 20, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PARCEL 2:
> AN UNDIVIDED 0.0025 PERCENT INTEREST IN THE COMMON AREAS APPURTENANT TO PARCEL 1, AS SET FORTH IN THE DECLARATION OF EASEMENTS, COVENANTS AND RESTRICTIONS OF INDIAN RIDGE, RECORDED AS DOCUMENT NUMBER 25084000, ALL IN COOK COUNTY, ILLINOIS.
>
> Permanent Index Number: 04-20-303-045-0000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

              A TRUE BILL:


              _____
              FOREPERSON


_____
ACTING UNITED STATES ATTORNEY